ALICE A. COMER, ADMINISTRATRIX, ET AL.,

v.

SATER C. COMER ET AL.

*Trusts—Declaration of Trust in Government Bonds—Agreement—Evidence—Execution of Instrument—Proof of—Witnesses—Sec. 2, Chap. 51, R. S.*

Upon a bill filed by heirs of the owner of certain Government bonds, to recover an interest therein, it is *held:* That by a written direction to the bank where the bonds were on deposit for safe keeping, the deceased placed the bonds in trust, first, for himself, during life, next, to his wife, to have the interest during life, and then the principal to revert to his heirs; that by an agreement between the widow and one of the heirs, the former recognized the trust created by her husband; that proof of the execution of the original instrument was unnecessary, the execution of the other, to which the first was attached as an exhibit, being proved; and that the custodian of an agreement between two of the heirs was not their agent in any such sense as would make the survivor a competent witness to facts testified to by him, within the meaning of the second exception to Sec. 2, Chap. 51, R. S.

[Opinion filed August 26, 1887.]

APPEAL from the Circuit Court of Hancock County; the Hon. WILLIAM MARSH, Judge, presiding.

On the 10th day of March, 1884, appellants filed their bill in the Circuit Court, therein alleging that on the 28th of December, 1866, Samuel Comer, since that time deceased, had on deposit for safe keeping in the hands of George C. Anderson & Co., bankers, of Keokuk, 7-30 United States bonds to the amount and value of $6,000. That on said 28th day of December, 1866, said Samuel Comer executed and delivered to said George C. Anderson & Co. an instrument in writing of that date, as follows, to wit:

"HAMILTON, December 28, 1866.
"GEORGE C. ANDERSON & Co.,
"*Gents:*—Of the seven-thirty Government bonds of mine in your hands, I hereby assign to my wife, Harriet Comer,

$6,000, she to draw the interest of the same, you keeping possession of the same, and when matured to convert into five-twenty Government bonds, first series, to remain in your hands, my wife to draw the interest until her death; have no control of the principal, so far as disposing of them is concerned; the bonds at my death to revert to my heirs. The above assignment to take effect at my death, I controlling them in the meantime.

   " (Signed.)       SAMUEL COMER.

 " Will you be kind enough to file this with my bonds."

That said declaration of trust made by Samuel Comer, and said bonds remained in the hands of George C. Anderson & Co. until July, 1867, when Samuel Comer died in Hancock County, Illinois, intestate, leaving personal and real estate of the value of $25,000, but leaving no debts. That said declaration of trust remained in full force and said bonds were a trust fund in the hands of said George C. Anderson & Co. and their successors in trust, to hold the same and pay the interest accruing thereon to said Harriet Comer during her natural life, and at her death should become the property of the heirs of Samuel Comer.

That Samuel Comer left surviving him said Harriet Comer, his widow, and two sons, Sylvester L. Comer and the defendant, Sater C. Comer, his only heirs at law. That no administration of the estate of Samuel Comer was ever granted to any one.

That said bonds remained in the hands of said George C. Anderson until the firm was dissolved by the death of Anderson and then came into the possession of Boner, Barclay & Co., successors of said George C. Anderson & Co., and continued in the possession of Boner, Barclay & Co. until the 29th day of June, 1871, when the said Sylvester L. Comer and Harriet Comer executed an instrument in writing, in the words and figures following, to wit:

"Whereas, Samuel Comer, deceased, before his death, deposited with George C. Anderson & Co. $6,000 in Government bonds under the trust and condition specified in the paper, a copy of which is hereto attached, for the benefit of Harriet

Comer, his wife, during her life, with remainder of the principal to the heirs of said Samuel Comer. Now, for the purpose of other and better investment and for a valuable consideration to each of us moving, it is agreed by the said Harriet Comer and by Sylvester L. Comer and Sater C. Comer, the only heirs of said Samuel Comer, that the said George C. Anderson & Co. and their successors and all members of said firm are hereby released from said trust, and the said Boner, Barclay & Co., with whom said bonds are on deposit, are authorized and empowered to deliver and pay over to the said Harriet Comer the said $6,000 of bonds.

"Witness our hands this June 29th, 1871.

"HARRIET COMER.
"S. L. COMER.

"(Witness) R. C. PARROTT."

That a copy of said declaration of trust made by Samuel Comer was attached by Sylvester L. and Harriet Comer to said instrument, signed by them as set forth above.

That on said 29th of June, 1871, said Sylvester L. Comer and Harriet Comer took said bonds to the amount of $6,000, or other Government bonds into which they had been converted of that amount, from the hands of Boner, Barclay & Co., and deposited them for safe keeping in the Hancock County National Bank, of Carthage, Illinois.

That after said bonds were left in said Hancock County National Bank, one of them of $1,000, was sold by said Harriet Comer, and the proceeds thereof being $1,000, was loaned by her on note and mortgage. And the remaining $5,000 of said bonds was also converted and the proceeds thereof invested in United States four per cent. bonds, payable at the pleasure of the Government, after July 1, 1907. That said note and mortgage and $5,000 of United States bonds, being the present form of said trust fund, are yet on special deposit in said bank, defendant herein.

That Sylvester L. Comer died March 3, 1879, in Hancock County, Illinois, intestate, leaving the complainants, Alice A. Comer, his widow, and Harriet L. Hazen, Samuel H. Comer, and Frank G. Comer, his only children and heirs. That said

Alice A. Comer is administratrix of the estate of said Sylvester
L. Comer, and lawful guardian of said Samuel H. and Frank
G. Comer.

That Harriet Comer, widow of Samuel Comer, died April
25, 1883, leaving a will, by which Sater C. Comer is made sole
legatee of all her estate, and executor of the will. That said
will was proved and letters testamentary issued to said Sater.

Complainants claim that upon the death of said Samuel
Comer, one-half of said bonds was vested in said Sylvester L.
Comer, subject to the right of said Harriet Comer, widow of
Samuel Comer, to take and enjoy the interest accruing thereon
during her natural life, and that upon the death of said Har-
riet Comer, said half of said trust fund in its present form
became the property of, and part of the estate of said Syl-
vester L. Comer, and as such subject to distribution to com-
plainants as his widow and heirs. That all debts due from
the estate of said Sylvester L. Comer have been fully paid.

The bill prays that half of said trust fund may be delivered
to Alice A. Comer, as administratrix of the estate of said
Sylvester L. Comer, or to his said widow and heirs according
to their respective rights.

Exhibit A, will of Harriet Comer. Answer of Sater C.
Comer, as an individual and as executor of the will of Harriet
Comer, filed on the 29th day of April, 1884.

The answer admits that Samuel Comer died intestate as
stated in the bill and left him surviving Harriet Comer, his
widow, and Sylvester L. Comer, and respondent, Sater C.
Comer, his children and only heirs at law. Denies that
Samuel Comer had any interest in the bonds in the bill men-
tioned, at the time of his death. Denies that any interest
in said bonds descended to Sylvester L. Comer. Admits that
Sylvester L. Comer died as stated in the bill and left him
surviving complainants, his widow and only children and heirs
at law, and that administration was granted on his estate as
stated in the bill. Denies that complainants have any interest
in said bonds or proceeds thereof. Avers that said bonds and
proceeds were the property of Harriet Comer, and that re-
spondent now owns the same as legatee under her will. The

answer of the Hancock County National Bank, Carthage, filed April 30, 1884. That Harriet Comer deposited bonds to the amount of $7,000 in said bank of the 29th of June, 1871. Admits that said bonds to the amount of $5,000 and the note and mortgage of $1,000, are held by said bank. Has no knowledge as to who owns said bonds, note and mortgage.

General replication to answers filed May 2, 1884. Decree of court dismissing bill, and that defendants recover costs, rendered on the 24th day of October, 1885, at October term.

Messrs. MACK, BAIRD & MACK, for appellants.

Messrs. MANIER & MILLER and HOOKER & EDMONDS, for appellees.

CONGER, J. Before considering the legal effect of Samuel Comer's letter to Geo. C. Anderson & Co., of date December 28, 1866, and the instrument signed by Harriet and Sylvester L. Comer, of date June 29, 1871, we will notice the objection that is made, that there is no proof in the record of the original execution of the one of date December 28, 1866.

The second instrument, bearing date June 29, 1871, is proven by the testimony of Lewis C. Stevenson, he stating positively that the signature thereto is the genuine signature of Harriet Comer, and the instrument is made an exhibit to his deposition, to which instrument is attached what purports to be, and what is, clearly declared to be by said instrument, a copy of the letter of December 28, 1866.

We are of opinion that this copy attached to and clearly referred to in the instrument, signed by Harriet Comer, as to her and all claiming under her, was conclusive evidence of the original existence of Samuel Comer's letter, of December 28, 1866, and superseded the necessity of introducing any other evidence to establish it. Carver v. Jackson, 4 Pet. 83; Greenleaf on Evi., Vol. 1, Sec. 97.

The instrument executed by Samuel Comer was as follows:

"HAMILTON, December 28, 1866.

"GEORGE C. ANDERSON & Co.

"*Gents:*—Of the seven-thirty government bonds of mine in your hands, I hereby assign to my wife, Harriet Comer, six

Comer v. Comer.

thousand dollars, she to draw the interest of the same, you keeping possession of the same, and when matured to convert into five-twenty government bonds, first series, to remain in your hands, my wife to draw the interest until her death ; have no control of the principal so far as disposing of them is concerned ; the bonds at my death to revert to my heirs.

" The above assignment to take effect at my death, I controlling them in the meantime.

"(Signed)                    Samuel Comer.

" Will you be kind enough to file this with my bonds ? "

The only difficulty in determining the meaning and effect of this instrument, exists in the clause: "The above assignment to take effect at my death, I controlling them in the meantime."

While the whole instrument, including the foregoing clause, is not entirely clear, we are inclined to construe it to mean that Comer intended to declare the bonds in trust, first to himself to have the interest thereon during his life, next to his wife, if she survived him, she to have the interest during her life, and then the principal to revert to his heirs. That he meant by the words, " the above assignment to take effect at my death, I controlling them in the meantime," to vest the legal title to the bonds in George C. Anderson & Co. as trustee, for himself, his wife, and heirs, immediately, yet his wife and heirs were to take no benefit therefor, nor exercise any control over the fund or its interest, until his death.   But whatever of doubt there may be as to the true meaning of this instrument, there can be none as to that of date June 29, 1871, executed by Harriet Comer and Sylvester L. Comer, which is as follows :

" Whereas, Samuel Comer, deceased, before his death deposited with George C. Anderson & Co. $6,000 in government bonds under the trust and conditions specified in the paper, a copy of which is hereto attached, for the benefit of Harriet Comer, his wife, during her life, with remainder of the principal to the heirs of said Samuel Comer.   Now, for the purpose of other and better investment and for a valuable consideration to each of us moving, it is agreed by the said Harriet Comer and by Sylvester L. Comer and Sater C. Comer, the only heirs of said Samuel Comer, that the said George C. Anderson & Co., and their successors, and all members of said firm,

are hereby released from said trust, and the said Boner, Barclay & Co., with whom said bonds are on deposit, are authorized and empowered to deliver and pay over to the said Harriet Comer the said $6,000 of bonds.

"Witness our hands, this June 29, 1871.

"HARRIET COMER,

"S. L. COMER.

"(Witness) R. C. PARROTT."

To which was attached a copy of the original letter of Samuel Comer. Here was a clear recognition by Harriet Comer, of the trust created by her husband, and was binding upon her; and as Sater Comer claims the one moiety of the principal of the fund by virtue of Harriet Comer's will, he can have no greater interest in it than she had at her death.

We are therefore of opinion that upon the death of Harriet Comer the principal of said fund vested, the one-half in Sater Comer, and the other half in the widow and heirs of Sylvester L. Comer, deceased.

It is insisted because an instrument in writing was left in the hands of Mr. Ruggless, by the two brothers, as the custodian thereof, that he thereby became their agent, and when called as a witness as to certain statements of Sater, that thereby Sater became a competent witness to the same conversation and transaction by virtue of the second exception to the second section of chapter 51. We do not concur in this conclusion. Ruggless was not the agent of either party in any such sense as contemplated by the statute, and it was therefore error to permit Sater to testify.

While there is some conflict in the statements proven of Harriet Comer, we are satisfied, after considering them all, that she understood that she had but a life interest in this fund, but whether she so understood or not, would make no difference, as the rights of all parties were fixed by the original declaration of trust, and her deliberate recognition of its terms by her instrument of June 29, 1871.

The decree of the Circuit Court will therefore be reversed and the cause remanded, with directions to the Circuit Court to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded with directions.*